*181 BOEHM, Justice,
dissenting.
I respectfully dissent. I believe the majority adopts a definition of contribution to capital that incorrectly assumes a contribution to capital is for no consideration, and then imports contract law notions of consideration to conclude that Belterra's transfer of this riverboat to its subsidiary was not a contribution to capital.
The sales and use taxes are imposed on "retail transactions," which are defined as "selling at retail." Ind.Code § 6-2.5-4-1(a) (2010). A person is defined as "selling at retail" when:
[I]n the ordinary course of his regularly conducted trade or business, he: (1) acquires tangible personal property for purposes of resale; and (2) transfers that property to another person for consideration.
I.C. § 6-2.5-4-1(b). Consideration is required before a transaction is a "retail transaction," but it is not the test of a retail transaction. The first and central requirement is that there be a "sale," and a contribution to capital is not a sale.
"Contribution to capital" is a well understood term in federal tax law and in accounting. It is not a "sale" at retail or otherwise, and is not in the "ordinary course" of a "regularly conducted" business. It is a transfer of legal form of ownership from direct ownership of the assets to ownership of equity interests in a corporation or limited liability company that owns the same assets. Comm'r of Internal Revenue v. Fink, 483 U.S. 89, 94-95, 107 S.Ct. 2729, 97 L.Ed.2d 74 (1987). In this case we are dealing with a transfer by one corporation to its 97% owned subsidiary. Among other things, neither corporation has taxable income under either federal or Indiana adjusted gross income tax. This is achieved by section 351 of the Internal Revenue Code, but that does not imply that there is no consideration to the contributing shareholder. To the contrary, the transfer may be made tax free by one or more shareholders who collectively own at least 80% of the common stock of the receiving corporation. In many if not most cases the transfer is in exchange for shares of the corporation. The simplest example of such a contribution is incident to the formation of a new corporation in which the shareholders, often by contractual agreement, contribute assets to the new corporation in exchange for shares of its stock. There clearly is consideration in this transaction as that term is used in contract law, but I think no one would contend that it constitutes a retail sale subject to the sales or use tax. The only form of contribution to capital that might (incorrectly in my view) be viewed as without consideration is a contribution of assets by a shareholder who owns essentially all of the equity shares in the corporation and does not take addition al shares. Even in that case, the shareholder gets consideration as that term is used in contract law because there is added value in the pre-existing shares in the amount of the value of the contributed assets. In short "consideration" is a nee-essary, but not a sufficient condition to render a transaction "selling at retail."
As I see it, the only plausible claim to finding a retail transaction in this case arises from Pinnacle's having bought the boat for purposes of putting it to use in its subsidiary. If Pinnacle had not created Belterra and had simply purchased the boat and brought it to Indiana, there would be a use tax when it was placed in operation in this state. The same would be true if Belterra had purchased the boat and brought it into the state. But the Department of Revenue did not claim that it could collapse the purchase of the boat, which was a retail sale in international waters, and the contribution to capital to *182 regard this series of events as a retail purchase by Belterra for use in Indiana. Nor did the Department advocate this application of the step-transaction doctrine in the Tax Court. Rather, its argument was presented as a "drop kick" transaction which commentators have suggested is subject to sales and use tax. James P. Kleier, Mergers and Acquisitions: Sales and Use Tax Consequences, Tax Mgmt. Multistate Tax Portfolio (BNA) No. 1530.05, at 27-28 (Feb. 25, 2000). In a "drop kick" a seller wishing to dispose of an item of personal property "drops" the asset into a newly formed corporation and sells ("kicks") the stock of the new corporation to the buyer. Although cast as a contribution to the capital of the subsidiary and a transfer of stock to the buyer, in substance the parent has sold the contributed asset to the third-party buyer. Before the Tax Court, the Department tried to fit its contention into this mold, describing its step transaction argument as a "drop kick" and identifying the transactions it sought to collapse as "(i) the contribution of the riverboat to Belterra in international waters, (ii) Belterra's operation of the riverboat as a casino, and (iii) Pinnacle's purchase of the [8% of Belterra it did not own]." It renews that contention in its petition to review. But that is not what happened here. Rather it is the reverse: the boat was purchased by the parent and then "dropped" into the subsidiary. And as the Tax Court found, the acquisition of the outstanding 3% of Belterra's stock was independent of the purchase of the boat and required by Belterra's incorporation documents.[1] In short, by claiming the 3% minority interest amounted to a reacquisition of the "dropped" asset, the Department hinged its contention on a matrix of transactions that did not hang together, rather than simply collapsing the purchase of the boat and the contribution to the subsidiary and arguing the transaction was a purchase by the subsidiary that incurs a use tax in Indiana.
Federal income tax law recognizes a "step transaction" doctrine that permits the courts to disregard the formal steps taken in a series of transactions if the "end result" of the transaction was from the outset the intended result of a series of transactions. An alternative formulation is whether the transactions were so interdependent that each would have been "fruitless" without the series of steps. Associated Wholesale Grocers v. United States, 927 F.2d 1517, 1523 (10th Cir.1991). Until now that doctrine had not been incorporated into Indiana tax law. The only Indiana tax case cited by the Department to invoke this or similar reasoning was Mason Metals Company v. Indiana Department of State Revenue, 590 N.E.2d 672, 675 (Ind. Tax Ct.1992), which in an entirely different context observed that "substance, rather than the form," dictated whether the taxpayer was engaged in providing transport services Although the Department cited Mason Metals, the Tax Court found that the Department "did not develop this reasoning" and concluded that there was a valid business purpose for the parent's acquisition of the boat and its subsequent contribution to the subsidiary obviously had a valid purpose to permit the licensee to operate in Indiana. Belterra Resort Ind. v. Ind. Dep't of State Revenue, 900 N.E.2d 513, 516-17 (Ind.Tax 2009).
Importing the step transaction doctrine into Indiana tax law should be done, if at *183 all, on a more fully developed argument in the Tax Court. I would affirm on this record, where the argument was not "developed," and we therefore do not have the Tax Court's analysis of it.
DICKSON, J., joins.

. Presumably if the 3% minority interest had not been acquired, Pinnacle would have received additional shares in Belterra to reflect the value of the boat that it contributed, unless the price to reacquire was fixed by agreement. This seems irrelevant for our purposes.